DOROTHY L. AND RALPH S. STOETZEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stoetzel v. Commissioner
Docket No. 15364-91
United States Tax Court
T.C. Memo 1994-174; 1994 Tax Ct. Memo LEXIS 172; 67 T.C.M. (CCH) 2719; April 19, 1994, Filed *172 Decision will be entered for respondent. Ralph S. and Dorothy L. Stoetzel, pro se. For Respondent: Howard P. Levine CLAPP
CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Additions to Tax  Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6661
1985
$ 4,985
--
--
-- 1986
1,546
--
--
-- 1987
8,053
$ 402
[1]
$ 2,013
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions by petitioners, the issues for decision are: (1) Whether $ 60,000 received by petitioners in 1987 from their wholly owned corporation was compensation or repayment of a loan. We hold that it was compensation. (2) Whether petitioners overpaid their 1987 Federal income tax. We hold that they did not. (3) Whether for the 1987 taxable year petitioners are liable for additions to tax for negligence pursuant to section 6653(a)(1)(A) and (B) for failure to report amounts *173 received from a premature pension plan distribution. We hold that they are. (4) Whether for the 1987 taxable year petitioners are liable for an addition to tax for a substantial understatement of income tax pursuant to section 6661. We hold that they are. Some of the facts are stipulated and are so found. We incorporate by reference the stipulation of facts and attached exhibits. Petitioners Ralph S. Stoetzel and Dorothy L. Stoetzel are husband and wife, who resided in Tallahassee, Florida, at the time they filed their petition. Compensation or Loan Repayment
Petitioners formed a corporation, Spencer Lee & Company, Inc. (Spencer Lee or the company), in Arizona in 1983. Spencer Lee is a real estate brokerage company and has been wholly owned by the petitioners since the date of its incorporation. Petitioner Ralph S. Stoetzel (Mr. Stoetzel) was president of Spencer Lee during the years at issue. As president, Mr. Stoetzel received a salary in 1983 and 1984, but not in 1985 and 1986. In 1987, Mr. Stoetzel received $ 60,000 from Spencer Lee which petitioners reported on Schedule C. of their original 1987 income tax return as "income as officer of Spencer Lee Corporation". *174 Petitioners paid $ 5,387 of self-employment tax on that amount. Spencer Lee deducted $ 60,000 as salaries and wages on its 1987 corporate income tax return. On June 6, 1991, petitioners filed an amended return for 1987 seeking a refund $ 13,394. The amended return explains that petitioners incorrectly reported the $ 60,000 they received from Spencer Lee in 1987 as self-employment income on their original return. At trial, petitioners argued that the $ 60,000 was actually non-taxable repayment of indebtedness. Petitioners presented documents demonstrating that they borrowed money from United Bank of Arizona between 1982 and 1987 and that the amounts borrowed were secured by petitioners' personal residence. They contend that they loaned the borrowed funds to Spencer Lee, that the funds were used for corporate purposes, and that the $ 60,000 they received from the company in 1987 represents a repayment of indebtedness, not compensation. However, the documentary evidence that petitioners provided is insufficient to establish anything except that petitioners personally borrowed money from United Bank of Arizona. The company's 1985, 1986, and 1987 corporate income tax returns do *175 not reflect an amount for loans from shareholders. There were no promissory notes for loans between Spencer Lee and petitioners, and there is no evidence that Spencer Lee paid any interest to petitioners. On the contrary, petitioners reported $ 60,000 as compensation income from Spencer Lee on Schedule C of their original return for 1987 and paid self-employment tax on that amount. Spencer Lee claimed a corresponding deduction of $ 60,000 for wages paid on its 1987 corporate income tax return. Mr. Stoetzel signed both returns. Given the evidence, petitioners have not met their burden of proof to show that the amount reported on their original return as compensation from Spencer Lee was actually from a nontaxable source. We cannot find that petitioners' amended return for 1987 was correct. Consequently, we hold that petitioners did not overpay their taxes in 1987. Additions to Tax
In 1985, 1986, and 1987, petitioners prematurely withdrew funds from a pension plan established by Spencer Lee. While the amounts of the premature withdrawals were reported as income on petitioners' 1985 and 1986 returns, the 1987 withdrawal was not reported on their return for that year. *176 The deficiency for 1987 arises solely from petitioners' failure to report the pension plan distribution and to pay the penalties thereon pursuant to sections 72(m)(5) and (t). Respondent determined that petitioners are liable for additions to tax under section 6653(a)(1)(A) and (B) for failure to report the pension plan distribution they received in 1987. Section 6653(a) imposes two additions to tax for 1987 if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Negligence has been defined as a lack of due care or a failure to do what a reasonable person would do under the circumstances. (quoting , affg. in part and remanding in part ; see , affg. . Respondent's determination is presumed correct and petitioners bear the burden of proving otherwise. , *177 affg. ; . Petitioners admit that they were aware of the $ 14,750 pension plan distribution prior to filing their 1987 income tax return and should have reported it as income, but argue that they acted with due care and were not negligent. They maintain that they relied on their new tax preparer who forgot to include the distribution in income. Nevertheless, as no one signed the return as preparer and petitioners could not remember who the preparer was, there is some doubt as to whether petitioners can claim reliance on an expert in this case. Even if we give petitioners the benefit of the doubt, however, the duty to file an accurate return generally cannot be avoided by placing responsibility on an agent. ; . Reliance on an adviser is not a defense to negligence where even a cursory review of taxpayer's return would reveal an omission from income. ; *178 . In this case, petitioners admitted that they knew that distributions from the pension plan were to be reported as income and had reported similar distributions in 1985 and 1986. Petitioners either failed to review the 1987 return prepared by their tax return preparer or forgot to include the amount in income if they prepared the return themselves. Either way, they did not exercise due care. Under these circumstances, we conclude that petitioners were negligent in omitting the pension plan distribution from their 1987 return. Accordingly, we sustain respondent's determination of additions to tax under section 6653(a)(1)(A) and (B). Respondent also determined that petitioners' failure to include the pension plan distribution in income caused them to substantially understate their 1987 income tax liability, making them liable for the addition to tax provided for in section 6661. The amount of an addition to tax for a substantial understatement of income tax equals 25 percent of the amount of any underpayment attributable to such substantial understatement. Sec. 6661(a). Petitioners have not challenged *179 respondent's determination that the deficiency represented a substantial understatement of income tax as defined in section 6661(b). Furthermore, petitioners have not argued, pursuant to section 6661(b)(2), that substantial authority supported the position taken by them on their return or that they adequately disclosed the relevant facts of that position. While section 6661(c) gives respondent the discretion to waive the addition to tax, petitioners have not requested that respondent do so. Under these circumstances, we do not find that respondent abused her discretion. . Accordingly, we hold that petitioners are liable under section 6661 for an addition to tax in 1987. Decision will be entered for respondent. Footnotes
1. Fifty percent of the interest due on the deficiency.↩